UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| ALEXIS LEE ROSSER ) | |
| ) | |
| v. ) | No. 1:13-cv-406/1:10-cr-158 |
| ) | *Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA ) | |

## MEMORANDUM

Alexis Lee Rosser ("Rosser") has filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (Criminal File No. 230).[1] Also before the Court is Rosser's motion requesting the appointment of counsel (Criminal Court File No. 227).

The government shall not be required to file an answer to the § 2255 motion because, for the reasons explained below, the Court concludes Rosser's § 2255 motion will be **DENIED** as time-barred and this action will be **DISMISSED** (Criminal Court File No. 230). In addition, Rosser's motion requesting appointment of counsel will be **DENIED** (Criminal Court File No. 227).

## I. BACKGROUND

Rosser, pursuant to a written plea agreement, pleaded guilty to Count One, the lesser-included offense of conspiracy to manufacture and distribute five grams or more of actual methamphetamine and 50 grams or more of a methamphetamine mixture in violation of Title 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B) (Criminal Court File No. 121–Plea Agreement). On September 8, 2011, Rosser was sentenced to 77 months[2] imprisonment and his judgment of

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

[2] The judgment provides this judgment is to run concurrent with Rosser's term of imprisonment pursuant to his Walker County, Georgia, Superior Court judgment in case number 08-cr-23,560. In addition the judgment specifies: "In order to assure the defendant receives credit for time served in Georgia, this sentence reflects a reduction of 10 months (from 87 to 77 months) to

conviction was entered on September 23, 2011 (Criminal Court File No. 170–Judgment). Rosser did not seek direct review. Rosser filed a post-judgment motion requesting appointment of counsel on or about June 8, 2012, as well as other post-judgment motions which had no bearing on the date on which his conviction of judgment became final (Criminal Court File Nos. 208, 210, 211, 212, 215, 222, & 223). Rosser filed the instant § 2255 motion on or about December 2, 2013 (Criminal Court File No. 230).

## II.     APPLICABLE LAW

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. See 28 U.S.C. § 2255. Title 28 U.S.C. 2255(f) provides, in relevant part, that the one-year limitation period for federal inmates seeking relief under this section shall run from the latest of–

(1)     the date on which the judgment of conviction becomes final;

28 U.S.C. § 2255(f).

## III.    TIMELINESS

The statute of limitations in Rosser's case began to run from the date on which his judgment of conviction became final. 28 U.S.C. § 2255(f)(1). Rosser was sentenced to a term of imprisonment for 77 months on September 8, 2011, and his judgment was entered on September 23, 2011 (Criminal Court File Nos. 161–Minute Entry;170–Judgment). Rosser did not pursue a direct appeal.

When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date which the time for filing such appeal expired. *Sanchez-Castellano v.*

---

account for the time the defendant served from November 12, 2010, to his federal sentencing on September 8, 2011. This reduction should not be construed as a variance or downward departure, nor is this a non-guidelines sentence." (Criminal Court File No. 170–Judgment).

2

*United States*, 358 F.3d 424, 425 (6th Cir. 2004). Rosser's judgment was entered on September 23, 2011, and pursuant to Fed. R. App. P. 4(b)(1)(A) a notice of appeal had to be filed within fourteen (14) days after entry of the judgement. Rule 26(a) of the Federal Rules of Appellate Procedure provides the day of the event triggering the period shall be excluded, the last day of the period shall be included, and weekends and holidays are to be counted when calculating the fourteen-day period unless the last day of the period falls on a weekend or holiday. Under these rules, Rosser had until October 7, 2011, to file a notice of appeal.

Title 28 U.S.C. § 2255 provides for a one-year statute of limitation in which to file a motion to vacate, set aside, or correct a sentence. The limitation period generally runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). Rosser had one year from the time his judgment of conviction became final to file his § 2255 motion. Rosser's judgment of conviction became final and the applicable one year statute of limitation for filing a § 2255 motion began to run on October 8, 2011, and pursuant to 28 U.S.C. § 2255(f)(1) the applicable one year statute of limitation began to run on that date and expired one year later on October 8, 2012.[3]

A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)). Rosser declares under penalty of perjury he gave prison authorities his motion for mailing on December 2, 2013 (Criminal Court File No. 230, at 16). Therefore, treating Rosser's motion as filed on December 2, 2013, it was filed more than one year after the expiration of the applicable one year

---

[3] Rule 26(a) of the Federal Rules of Appellate Procedure provides for its application to statutes that do not provide a specific method for computing time. Title 28 U.S.C. § 2255(f)(1) specifies the limitation period shall run from the date on which the judgment of conviction becomes final.

3

statute of limitations. Accordingly, because Rosser's § 2255 motion was filed on December 2, 2013, more than one year after the expiration of the one-year statute of limitations, it is time-barred and will be **DENIED** (Criminal Court File No. 230).

IV.     EQUITABLE TOLLING

The Court discerns that Rosser claims he is entitled to equitable tolling on the basis that he "was told by [his] previous attorney Lee Davis that [he] had 1 year from the denial of [his] motion to toll to file this motion." (Criminal Court File No. 230, at 15). The Court denied Rosser's motion to toll on November 27, 2012, which was more than a month after the statute of limitations for filing a § 2255 motion had already expired (Criminal Court File No. 216–Order denying motion to toll).

Initially the Court observes that Rosser's motion to toll had no effect on the finality of his judgment, and any argument that the motion to toll had an effect on the finality of his judgment is foreclosed by 18 U.S.C. § 3582(b), which provides:

> (b) Effect of finality of judgment.--Notwithstanding the fact that a sentence to imprisonment can subsequently be--
>
>> (1) modified pursuant to the provisions of subsection (c);
>>
>> (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
>>
>> (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
>
> a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

Since Congress apparently did not intend for motions filed under Rule 35(b) to prevent a conviction from becoming final for § 2255 purposes, certainly a motion to toll the Rule 35 statute of limitations does not prevent a conviction from becoming final.

4

Nevertheless, for purposes of this analysis the Court presumes Rosser is claiming the applicable one-year limitations period applicable to his § 2255 motion is subject to equitable tolling based on the extraordinary circumstance of counsel mistakenly misinterpreting the proper application of the statute of limitations which resulted in Rosser filing his § 2255 motion after the expiration of the one-year statute of limitations. In appropriate cases, the limitation period may be equitably tolled to excuse the tardy filing of a 2255 motion. *Solomon v. United States,* 467 F.3d 928 (6th Cir. 2006). Although application of the doctrine of equitable tolling to toll the one year statute of limitations applicable to § 2255 motions is permitted, *id.* at 935, to qualify for equitable tolling, a prisoner must show that he pursued his rights diligently and that some extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631 (2010).

Rosser bears the burden of showing he is entitled to equitable tolling. *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003). The doctrine of equitable tolling is used sparingly and, typically, is applied "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003). The Supreme Court has consistently held that "a garden variety claim of excusable neglect such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland v. Florida,* 560 U.S. at 651-51 (internal punctuation and citations omitted); *see also Lawrence v. Florida,* 549 U.S. 327, at 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel"). Similarly, counsel's mistake in interpreting a statutory provision does not constitute an "extraordinary circumstance" that justifies equitable tolling. *See Fierro v. Cockrell,* 294 F.3d 674, 683 (5th Cir. 2002) (Counsel's erroneous

5

interpretation of the statute of limitations provision did not excuse failure to file habeas petition within the one-year limitations period); *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) ("An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling"); *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000) ("[A] mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding"). At most, Rosser has alleged a "garden variety claim" of attorney negligence which is insufficient to permit equitable tolling of the applicable one year statute of limitation.

In sum, any miscalculation or misinterpretation by Rosser's attorney interpreting the plain language of the statute (i.e., 28 U.S.C. § 2255(f)(1)), does not constitute an extraordinary circumstance sufficient to warrant equitable tolling.

Accordingly, the doctrine of equitable tolling is not applicable here.

## V. CONCLUSION

Based on the foregoing reasons, Rosser's § 2255 motion to vacate, set aside, or correct his sentence will be **DENIED** as time-barred under 28 U.S.C. § 2255(f)(1) (Criminal Court File No. 230), and this action will be **DISMISSED**.

An appropriate judgment order will enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

6

Case 1:10-cr-00158-CLC-SKL   Document 234   Filed 05/16/14   Page 6 of 6   PageID #: 649